# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
#### Published only in the Abstract

---

No. 473

BRINKMAN v. LAUCH, et
Ohio Appeals, 6th Dist., Lucas Co.
No. 1681. Decided April 5, 1926

545. FORFEITURE—1. Equity will not decree forfeiture for non-payment of rent, where amount is in dispute and lessee is willing to pay amount actually owing.

2. Where lessor acquiesces in breach of covenants of lease, he cannot afterward declare it forfeited for such breach.
WILLIAMS, J.

On July 15, 1925, Clara Brinkman entered inGto, a written lease with Charles Lauch, whereby Brinkman was to occupy a certain frame building and a three car garage, rental thereon being stipulated as being $45.00 per month, payable monthly. There was a provision in said lease that the said building was to be used for concession stand and garage purposes only.

Said lease also contained a provision that lessee was not to engage in any business that was in conflict with or contrary to the laws of Ohio. It also contained a forfeiture clause providing forfeiture for non-payment of rent or for failure to perform any of the conditions.

On January 12, 1926, Lauch alleging that Brinkman was two months in arrears of payment of rent, served her with written notice to vacate the premises. On Jan. 15 Brinkman offered to pay the back rent but Lauch refused to accept same and brought action in forcible entry and detainer and to recover possession of the premises, alleging that there had not only been a non-payment of rent, but also that the tenant had sold cigarettes and maintained slot machines on the premises contrary to the laws of Ohio, and also that tenant had used said premises for resident purposes.

Brinkman brought this action in Lucas Common Pleas to enjoin Lauch from further action in forcible entry and detainer alleging that she was not in arrears of rent and that Lauch had acquiesced in the further breaches of the covenants in the lease. Common Pleas rendered judgment in favor of Lauch. On appeal, the Court of Appeals held:

1. A court of equity will not permit a forfeiture for nonpayment of rent where there is dispute as to the amount due and the lessee is willing to pay the actual amount owing.

2. Where lessor himself brought about and acquiesced in the breach of covenants in a lease, the lease will not be declared forfeited for breach of those covenants.

Judgment of Common Pleas reversed.

Attorneys—Conn & Holloway for Brinkman; Ira B. Cole for Lauch; all of Toledo.

---

No. 474

PESTA v. STATE
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 7155. Decided April 19, 1926

661. INTOXICATING LIQUOR—In order for a conviction for possession of liquor there must be some evidence (480) of control over the property.
SULLIVAN, J.

This case comes from the Criminal branch of the Municipal Court where Frank Pesta was tried and convicted with a co-defendant for the possession and manufacture of intoxicating liquors. It is sought here to reverse the judgment below as to Pesta on the ground that the evidence is insufficient, under the rules of criminal law, to warrant conviction of offense charged, beyond a reasonable doubt.

Pesta according to the evidence was on the premises where the liquor was found to collect money due him from a contractor who lived on the premises where the liquor was found. This evidence of Pesta was corroborated and not rebutted. The Court of Appeals held:

1. To convict one of the unlawful possession of liquor it is necessary, according to well settled authority that there be some evidence of control of the property.

2. In the case at bar no evidence was introduced to show Pesta had any control or ownership over the property.

3. As to the charge of manufacture the mere presence upon a premises is not sufficient to convict.

Judgment reversed.

Attorneys—H. DuLawurence for Pesta and D. W. Griffin for State; both of Cleveland.